IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

-------------------------------------------------------------------------- X

| | | |
|---|---|---|
| ROBIN MILLER, RICHARD GREY II, and STAN ALEMASKIN, individually and on behalf of all others similarly situated, | : : : | **[JURY TRIAL DEMANDED**] |
| | : | **CIVIL ACTION NO.** |
| Plaintiffs, | : | |
| - against - | : | |
| | : | |
| CITIZENS FINANCIAL GROUP, INC., CITIZENS BANK, N.A., and CITIZENS BANK OF PENNSYLVANIA, | : : | |
| | : | |
| Defendants. | X | |

-------------------------------------------------------------------------

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Robin Miller, Richard Grey II, and Stan Alemaskin (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, as class representatives, by their attorneys, Fair Work P.C., Outten & Golden LLP, and Shavitz Law Group, P.A., upon personal knowledge as to themselves, and upon information and belief as to other matters, allege as follows:

## PRELIMINARY STATEMENT

1.    This lawsuit seeks to recover unpaid overtime compensation for Plaintiffs and similarly situated current and former Licensed Bankers, Licensed Relationship Bankers, Associate Licensed Relationship Bankers, Senior Licensed Relationship Bankers, and other employees in similar job positions with different titles (collectively, "LBs"), who have worked for Defendants Citizens Financial Group, Inc., Citizens Bank, N.A., and/or Citizens Bank of Pennsylvania (collectively, "Citizens" or "Defendants") throughout the United States.

2.      Plaintiffs bring this action to recover unpaid overtime compensation for themselves and similarly situated LBs as a national collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

3.      Plaintiff Robin Miller ("Massachusetts Representative") also brings this action to recover unpaid overtime compensation for herself and similarly situated LBs who worked in Massachusetts pursuant to Fed. R. Civ. P. 23 and the Massachusetts Wage Act, Mass. Gen. Laws Ann. ch. 149, § 148 (West 2009).

4.      Plaintiffs Stan Alemaskin and Richard Grey II (collectively, "Pennsylvania Representatives") also bring this action to recover unpaid overtime compensation for themselves and similarly situated LBs who worked in Pennsylvania pursuant to Fed. R. Civ. P. 23 and the Pennsylvania Minimum Wage Act, 43 Pa. Cons. Stat. §§ 333.101 *et seq.* (the "Pennsylvania Wage Laws").

5.      Defendants are one of the largest diversified financial services companies in the United States, with branch offices nationwide.

6.      Defendants employ LBs at their branch locations throughout the United States. LBs are responsible for, *inter alia*, acquiring necessary licenses and completing training requirements, engaging current and potential Citizens customers to gain an understanding of their financial needs, recommend and open appropriate products and services to meet those needs, and refer investment opportunities.

7.      Defendants have maintained control, oversight, and direction over Plaintiffs and similarly situated LBs, including the ability to hire, fire, and discipline LBs.

8.      Defendants classify LBs as non-exempt employees under the FLSA and state law.

9.      Defendants require LBs to regularly work more than 40 hours per workweek without being allowed to record all overtime hours worked.  LBs typically work off-the-clock, uncompensated time prior to their scheduled shifts, through their meal breaks and continue working after their shifts end and from home in order to discharge the essential functions of their jobs, and prepare for mandatory licensing examinations.

10.     Apart from their regular job duties, Defendants require unlicensed/partially licensed LBs to work significant uncompensated overtime by mandating that they take and pass the Series 6 and Series 63 licensing examinations and state "Life and Health" licensing examinations within a strict time period as a condition of employment.  Unlicensed LBs must pass all of the required exams within the time allotted by Defendants, or face adverse employment action up to and including termination.

11.      Due to the difficulty of the licensing exams and the time limit that Defendants impose for passing the exams, unlicensed/partially licensed LBs are required to spend a substantial number of hours per week preparing for their exams.  While some of this study time may be recorded and paid, LBs spend a substantial amount of unrecorded and uncompensated time preparing for licensing exams from the office and from home.

12.     Defendants are aware that LBs are required to work, and do work, in excess of 40 hours per week in order to fulfill their job duties and prepare for mandatory licensing examinations.  For example, Citizens supervisors know that LBs routinely work off-the-clock because they observe LBs working in the office during meal breaks, and also encouraged LBs to continue working off-the-clock both before and after their scheduled shifts and from home to prepare for their licensing exams.

3

13.     Nevertheless, Defendants enforce a strict policy pursuant to which LBs are not permitted to record overtime for time spent studying for licensing exams outside of their regularly scheduled 40 hours per week, including from home.

14.     Due to Defendants' uniform policies, Plaintiffs frequently worked over 40 hours per week without receiving premium overtime pay for all the hours they worked.

15.     Throughout the relevant period, it was Defendants' policy to deprive Plaintiffs of all of their earned overtime wages in violation of the FLSA, Massachusetts Wage Act, and Pennsylvania Wage Laws.  In order to avoid paying Plaintiffs overtime premiums for all of the hours Plaintiffs worked in excess of 40 per workweek, Defendants willfully required their LBs to work "off-the-clock."

16.     Defendants apply the same policies and practices with respect to "off-the-clock" work and overtime pay to LBs nationwide.

17.     By agreement of the parties, dated February 2, 2017, the statute of limitations for FLSA and state wage and hour claims on behalf of Plaintiffs and similarly situated LBs nationwide was tolled from February 2, 2017 through August 7, 2017.

### JURISDICTION & VENUE

18.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

19.     Plaintiffs' state law claims are so closely related to their claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

20.     In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4

21.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

22.    Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391 because Defendants regularly conduct business in this District, and because a substantial part of the events or omissions giving rise to the claims occurred in this District.

23.    Defendants regularly conduct business in Massachusetts and are subject to personal jurisdiction in Massachusetts.

## THE PARTIES

### Plaintiffs

#### *Plaintiff Robin Miller*

24.    Plaintiff Robin Miller ("Miller") is a resident of Middlesex County in the Commonwealth of Massachusetts.

25.    Miller was employed by Defendants as a non-exempt LB in Defendants' Bedford, Massachusetts branch from approximately December 2016 to approximately August 2017.

26.    As a LB, Miller regularly worked more than 40 hours per week, but, pursuant to Defendants' policy and practice applicable to LBs, Miller was not paid an overtime premium for all hours over 40 that he worked.  Specifically, at all times relevant to this matter, Miller would routinely work approximately 48 to 55 hours per week.

27.    At all times relevant to this Class and Collective Action Complaint, Miller was a covered "employee" within the meaning of FLSA and the Massachusetts Wage Act.

28.    Miller has expressed her consent to make these claims against the Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  *See* Exhibit A.

29.    Miller has filed her state law wage claims with the Massachusetts Office of the Attorney General.

**Plaintiff Richard Grey II**

30.    Plaintiff Richard Grey II ("Grey") is a resident of York County in the Commonwealth of Pennsylvania.

31.    Grey was employed by Defendants as a non-exempt LB in Defendants' Lancaster, Pennsylvania branch from approximately February 2016 to approximately October 2016.

32.    As a LB, Grey regularly worked more than 40 hours per week, but, pursuant to Defendants' policy and practice applicable to LBs, Grey was not paid an overtime premium for hours over 40 that he worked.  Specifically, at all times relevant to this matter, Grey would routinely work approximately 55 to 65 hours per week.

33.    At all times relevant to this Class and Collective Action Complaint, Grey was a covered "employee" within the meaning of FLSA and the Pennsylvania Wage Laws.

34.    Grey has expressed his consent to make these claims against the Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  *See* Exhibit B.

**Plaintiff Stan Alemaskin**

35.    Plaintiff Stan Alemaskin ("Alemaskin") is a resident of Chester County in the Commonwealth of Pennsylvania.

36.    Alemaskin was employed by Defendants as a non-exempt LB in Defendants' King of Prussia, Pennsylvania branch from approximately November 2014 to approximately January 2015.

37.    As a LB, Alemaskin regularly worked more than 40 hours per week, but, pursuant to Defendants' policy and practice applicable to LBs, Alemaskin was not paid an overtime

premium for hours over 40 that he worked. Specifically, at all times relevant to this matter, Alemaskin would routinely work approximately 64 or more hours per week.

38.    At all times relevant to this Class and Collective Action Complaint, Alemaskin was a covered "employee" within the meaning of FLSA and the Pennsylvania Wage Laws.

39.    Alemaskin has expressed his consent to make these claims against the Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b). *See* Exhibit C.

**Defendants**

*Citizens Financial Group, Inc.*

40.    Citizens Financial Group, Inc. is incorporated in Delaware and maintains its corporate headquarters in Providence, Rhode Island.

41.    Throughout the relevant period, Citizens Financial Group, Inc. employed Plaintiffs and similarly situated employees within the meaning of the FLSA, the Massachusetts Wage Act, and Pennsylvania Wage Laws.

42.    Citizens Financial Group, Inc. has had substantial control over Plaintiffs' and similarly situated employees' working conditions and the unlawful policies and practices alleged herein.

43.    At all times relevant, Citizens Financial Group, Inc. maintained control, oversight and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

44.    Citizens Financial Group, Inc. applies the same employment policies, practices, and procedures to all LBs nationwide.

7

45.     Citizens Financial Group, Inc. is a covered "employer" within the meaning of the FLSA, the Massachusetts Wage Act, and Pennsylvania Wage Laws, and, at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

46.     At all times relevant, Citizens Financial Group, Inc.'s annual gross volume of sales made or business done was not less than $500,000.

***Citizens Bank, N.A.***

47.     Citizens Bank, N.A. is a wholly owned subsidiary of Citizens Financial Group, Inc.

48.     Citizens Bank, N.A. is incorporated in Delaware and maintains its corporate headquarters in Providence, Rhode Island.

49.     Throughout the relevant period, Citizens Bank, N.A. employed Plaintiffs and similarly situated employees within the meaning of the FLSA, the Massachusetts Wage Act, and Pennsylvania Wage Laws.

50.     Citizens Bank, N.A. has had substantial control over Plaintiffs' working conditions and the unlawful policies and practices alleged herein.

51.     At all times relevant, Citizens Bank, N.A. has maintained control, oversight and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

52.     Citizens Bank, N.A. is a covered "employer" within the meaning of the FLSA, the Massachusetts Wage Act, and Pennsylvania Wage Laws, and at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

53.     At all times relevant, Citizens Bank N.A.'s annual gross volume of sales made or business done was not less than $500,000.

54.     Upon information and belief, Citizens Bank, N.A. is the entity listed on Massachusetts Representative's W-2s.

**Citizens Bank of Pennsylvania**

55.     Citizens Bank of Pennsylvania is a wholly owned subsidiary of Citizens Financial Group, Inc.

56.     Citizens Bank of Pennsylvania is incorporated in Pennsylvania and maintains its corporate headquarters in Philadelphia, Pennsylvania.

57.     Throughout the relevant period, Citizens Bank of Pennsylvania employed Plaintiffs and similarly situated employees within the meaning of the FLSA, the Massachusetts Wage Act, and Pennsylvania Wage Laws.

58.     Citizens Bank of Pennsylvania has had substantial control over working the conditions and the unlawful policies and practices alleged herein of the Pennsylvania Representatives and all other similarly situated.

59.     At all times relevant, Citizens Bank of Pennsylvania has maintained control, oversight and direction over Pennsylvania Representatives and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

60.     Citizens Bank of Pennsylvania is a covered "employer" within the meaning of the FLSA, the Massachusetts Wage Act, and Pennsylvania Wage Laws, and at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

61.     At all times relevant, Citizens Bank of Pennsylvania's annual gross volume of sales made or business done was not less than $500,000.

9

62.     Citizens Bank of Pennsylvania is the entity listed on Pennsylvania Representatives' W-2s.

## FLSA COLLECTIVE ACTION ALLEGATIONS

63.     Plaintiffs bring the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons who worked as LBs with Defendants nationwide at any time since May 26, 2014, who elect to opt-in to this action (the "FLSA Collective").

64.     Upon information and belief, there are approximately more than 1,000 current and former LBs that are similarly situated to Plaintiffs who were denied overtime compensation.

65.     Defendants are liable under the FLSA for, *inter alia,* failing to properly compensate Plaintiffs and other similarly situated LBs.

66.     As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective members.  This policy and pattern or practice includes, but is not limited to:

(a)     willfully failing to pay Plaintiffs and the FLSA Collective members overtime wages for hours that they worked in excess of 40 hours per workweek; and

(b)     willfully failing to record all of the time that their employees, including Plaintiffs and the FLSA Collective members, have worked for the benefit of Defendants.

67.     All of the work that Plaintiffs and the FLSA Collective members have performed as LBs has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiffs and the FLSA Collective members have performed as LBs.

68.    Defendant is aware or should have been aware that federal law required it to pay Plaintiffs and the FLSA Collective members overtime premiums for *all* hours worked in excess of 40 per workweek.

69.    The FLSA Collective is readily identifiable and locatable through the use of the Defendants' records.

70.    The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

71.    Unless the Court promptly issues such a notice, the FLSA Collective, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

## MASSACHUSETTS CLASS ACTION ALLEGATIONS

72.    Massachusetts Representative brings the Second Cause of Action on her own behalf and as a class action, pursuant to Fed R. Civ. P. 23(a) and (b), on behalf of the following class of persons:

> All LBs who are currently, or have been employed by the Defendants, in Massachusetts at any time between May 25, 2014, and the date of final judgment in this matter (the "Massachusetts Rule 23 Class").

73.    Excluded from the Massachusetts Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family and

all persons who will submit timely and otherwise proper requests for exclusion from the Massachusetts Rule 23 Class.

74.    The members of the Massachusetts Rule 23 Class are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to the Massachusetts Representative, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

75.    Upon information and belief, the size of the Massachusetts Rule 23 Class is at least 40 individuals.

76.    Defendants have acted or refused to act on grounds generally applicable to the Massachusetts Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Massachusetts Rule 23 Class as a whole.

77.    Common questions of law and fact exist as to the Massachusetts Rule 23 Class that predominate over any questions solely affecting them individually and include, but are not limited to, the following:

(a)    whether Defendants violated the Massachusetts Wage Act;

(b)    whether the Defendants failed to pay proper compensation to Massachusetts Representative and the Massachusetts Rule 23 Class for all work-hours in excess of 40 per workweek in violation of and within the meaning of the Massachusetts Wage Act, Mass. Gen. Laws Ann. ch. 149, § 148 (West 2009);

(c)    whether Defendants' policy of failing to pay Massachusetts Representative and the Massachusetts Rule 23 Class proper overtime compensation was done willfully or with reckless disregard of the law;

(d)    whether Defendants failed to keep true and accurate time records of all hours worked by Massachusetts Representative and the Massachusetts Rule 23 Class;

(e)    what proof of hours worked is sufficient where an employer fails in its

12

duty to maintain true and accurate time records; and

(f)    the nature and extent of class-wide injury and the measure of damages for those injuries.

78.    Massachusetts Representative's claims are typical of the claims of the Massachusetts Rule 23 Class she seeks to represent.

79.    Massachusetts Representative and all of the Massachusetts Rule 23 Class members work, or have worked, for Defendants as LBs.

80.    Defendants have acted or refused to act on grounds generally applicable to the Massachusetts Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class was a whole.

81.    Massachusetts Representative and the Massachusetts Rule 23 Class members enjoy the same statutory rights under the Massachusetts Wage Act, including to be paid for all hours worked and to be paid overtime wages.  Massachusetts Representative and the Massachusetts Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the Massachusetts Wage Act.  Massachusetts Representative and the Massachusetts Rule 23 Class members have all been injured in that they have been under-compensated due to Defendants' common policies, practices, and patterns of conduct.

82.    Massachusetts Representative will fairly and adequately represent and protect the interests of the members of the Massachusetts Rule 23 Class.  Massachusetts Representative understands that as class representatives, she assumes a fiduciary responsibility to the Massachusetts Rule 23 Class to represent its interests fairly and adequately.  Massachusetts Representative recognizes that as Massachusetts Rule 23 Class representatives, she must represent and consider the interests of the Massachusetts Rule 23 Class just as he would

represent and consider her own interests.  Massachusetts Representative understands that in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over the class.  Massachusetts Representative recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Massachusetts Rule 23 Class.  Massachusetts Representative understands that in order to provide adequate representation, she must be informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify at deposition and/or trial.

83.    Massachusetts Representative has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Massachusetts Representative and the Massachusetts Rule 23 Class members.

84.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation—particularly in the context of wage litigation like the present action, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the Massachusetts Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the Massachusetts Wage Act, as well as their common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual Massachusetts Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  The individual plaintiff lacks the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.  In addition, class

litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

85.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## PENNSYLVANIA CLASS ALLEGATIONS

86.     Pennsylvania Representatives bring the Third Cause of Action on their own behalf and as a class action, pursuant to Fed R. Civ. P. 23(a) and (b), on behalf of the following class of persons:

> All LBs who are currently, or have been employed by the Defendants, in Pennsylvania at any time between May 25, 2014, and the date of final judgment in this matter (the "Pennsylvania Rule 23 Class").

87.     Excluded from the Pennsylvania Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Pennsylvania Rule 23 Class.

88.     The members of the Pennsylvania Rule 23 Class are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to Pennsylvania Representatives, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

89.     Upon information and belief, the size of the Pennsylvania Rule 23 Class is at least 40 individuals.

90.     Defendants have acted or refused to act on grounds generally applicable to the Pennsylvania Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Pennsylvania Rule 23 Class as a whole.

91.     Common questions of law and fact exist as to the Pennsylvania Rule 23 Class that predominate over any questions solely affecting them individually and include, but are not limited to, the following:

(a)     whether Defendants violated the Pennsylvania Wage Laws;

(b)     whether the Defendants failed to pay proper compensation to Pennsylvania Representatives and the Pennsylvania Rule 23 Class for all work-hours in excess of 40 per workweek in violation of and within the meaning of the Pennsylvania Wage Law, 43 Pa. Cons. Stat. Ann. § 333.104(c);

(c)     whether Defendants' policy of failing to pay Pennsylvania Representatives and the Pennsylvania Rule 23 Class proper overtime compensation was done willfully or with reckless disregard of the law;

(d)     whether Defendants failed to keep true and accurate time records of all hours worked by Pennsylvania Representatives and the Pennsylvania Rule 23 Class;

(e)     what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records; and

(f)     the nature and extent of class-wide injury and the measure of damages for those injuries.

92.     Pennsylvania Representatives' claims are typical of the claims of the Pennsylvania Rule 23 Class they seek to represent.

93.     Pennsylvania Representatives and all of the Pennsylvania Rule 23 Class members work, or have worked, for Defendants as LBs.

94.     Defendants have acted or refused to act on grounds generally applicable to the Pennsylvania Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class was a whole.

95.     Pennsylvania Representatives and the Pennsylvania Rule 23 Class members enjoy the same statutory rights under the Pennsylvania Wage Laws, including to be paid for all hours worked and to be paid overtime wages.  Pennsylvania Representatives and the Pennsylvania Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the Pennsylvania Wage Laws.  Pennsylvania Representatives and the Pennsylvania Rule 23 Class members have all been injured in that they have been under-compensated due to Defendants' common policies, practices, and patterns of conduct.

96.     Pennsylvania Representatives will fairly and adequately represent and protect the interests of the members of the Pennsylvania Rule 23 Class.  Pennsylvania Representatives understand that as class representatives, they assume a fiduciary responsibility to the Pennsylvania Rule 23 Class to represent its interests fairly and adequately.  Pennsylvania Representatives recognize that as Pennsylvania Rule 23 Class representatives, they must represent and consider the interests of the Pennsylvania Rule 23 Class just as they would represent and consider their own interests.  Pennsylvania Representatives understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over the class.  Pennsylvania Representatives recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Pennsylvania Rule 23 Class.  Pennsylvania Representatives understand that in order to provide adequate representation, they must be informed of developments in the litigation,

cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify at deposition and/or trial.

97.    Pennsylvania Representatives have retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Pennsylvania Representatives and the Pennsylvania Rule 23 Class members.

98.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation—particularly in the context of wage litigation like the present action, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the Pennsylvania Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the Pennsylvania Wage Laws, as well as their common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual Pennsylvania Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  The individual plaintiff lacks the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

99.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## COMMON CLASS AND COLLECTIVE FACTUAL ALLEGATIONS

100.    Plaintiffs and the members of the FLSA Collective, Massachusetts Rule 23 Class, and Pennsylvania Rule 23 Class (collectively, "Class Members") worked for Defendants as LBs.

101.    Defendants classified Plaintiffs and Class Members as hourly non-exempt workers.

102.    Defendants' policy and practice was that Plaintiffs and Class Members were expected to work more than 40 hours per week.

103.    Throughout their employment as LBs, Plaintiffs and Class Members consistently worked more than 40 hours per week.

104.    Defendants were aware that Plaintiffs and Class Members worked more than 40 hours per workweek, yet Defendants failed to pay them an overtime premium for all hours worked over 40 in a workweek pursuant to a common policy and plan that has violated their right under the FLSA, Massachusetts Wage Act, and Pennsylvania Wage Laws.

105.    Defendants did not keep accurate records of hours worked by Plaintiffs or Class Members.  That is, although Plaintiffs and Class Members routinely worked more than 40 hours per workweek, Defendants did not record those hours.

106.    As part of their regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy that violates the FLSA, Massachusetts Wage Act, and Pennsylvania Wage Laws.  Defendants' policy and pattern or practice includes but is not limited to:

> (a)    willfully failing to record all of the time that their employees, including Plaintiffs and Class Members, worked for the benefit of Defendants;
>
> (b)    willfully failing to keep payroll records as required by the FLSA, Massachusetts Wage Act, and Pennsylvania Wage Laws;
>
> (c)    willfully requiring Plaintiffs and Class Members to work "off-the-clock;"

19

and

(d)    willfully failing to pay their employees, including Plaintiffs and Class Members, overtime wages for all of the hours that they worked in excess of 40 per workweek.

107.    Defendants were or should have been aware that the FLSA, Massachusetts Wage Act, and Pennsylvania Wage Laws required them to pay their LBs premium overtime pay for all hours worked in excess of 40 per week.

108.    Defendants' failure to pay Plaintiffs and Class Members overtime wages for their work in excess of 40 hours per week was willful, intentional, and in bad faith.

109.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

## FIRST CAUSE OF ACTION
### FLSA – Overtime Wages
### (Brought on behalf of Plaintiffs and the FLSA Collective)

110.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

111.    At all relevant times, Plaintiffs and the FLSA Collective members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

112.    At all relevant times, Defendants have been employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

113.    At all relevant times, Plaintiffs and the FLSA Collective members were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

114.    The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendants.

20

115.    Plaintiffs and the FLSA Collective members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

116.    Defendants employed Plaintiffs and the FLSA Collective members for workweeks longer than 40 hours and willfully failed to compensate Plaintiffs and FLSA Collective members for all of the time worked in excess of 40 hours per week, at a rate of at least 1 and ½ times their regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

117.    Plaintiffs have expressed their consent to make these claims against the Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).

118.    Defendants have failed to make a good faith effort to comply with the FLSA with respect to their compensation to Plaintiffs and the FLSA Collective.

119.    Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255, as may further be enlarged by agreements between the parties.

120.    As a consequence of the willful underpayment of wages, alleged above, Plaintiffs have incurred damages thereby and the Defendants are indebted to them in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
**Massachusetts Wage Act – Unpaid Overtime**
**(Brought on behalf of Massachusetts Representative and**
**the Massachusetts Rule 23 Class)**

121.    Massachusetts Representative realleges and incorporate by reference all allegations in all preceding paragraphs.

21

122.    Defendants engaged in a widespread pattern, policy, and practice of violating the Massachusetts Wage Act, as detailed in this Class and Collective Action Complaint.

123.    At all times relevant, Massachusetts Representative and the Massachusetts Rule 23 Class members have been employees and Defendants have been employers within the meaning of the Massachusetts Wage Act.

124.    Massachusetts Representative and the Massachusetts Rule 23 Class members are covered by the Massachusetts Wage Act and accompanying regulations.

125.    Defendants employed Massachusetts Representative and the Massachusetts Rule 23 Class members.

126.    Defendants violated the Massachusetts Wage Act, in relevant part, by failing to pay Massachusetts Representative and the Massachusetts Rule 23 Class members overtime compensation for hours worked over 40 in a workweek as required by the Massachusetts Wage Act, including Mass. Gen. Laws Ann. ch. 149, §§ 148 *et seq.*

127.    Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Massachusetts Representative and the Massachusetts Rule 23 Class members as required by the Massachusetts Wage Act, including Mass. Gen. Laws Ann. ch. 149, § 148 *et seq.*

128.    Defendants' violations of the Massachusetts Wage Act have been willful and intentional.

129.    Due to Defendants' violations of the Massachusetts Wage Act, Massachusetts Representative and the Massachusetts Rule 23 Class members are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of the action, penalties, and pre-judgment and post-judgment interest.

22

**THIRD CAUSE OF ACTION**
**Pennsylvania Wage Laws: Unpaid Overtime**
**(Brought on behalf of Pennsylvania Representatives and**
**the Pennsylvania Rule 23 Class)**

130.    Pennsylvania Representatives reallege and incorporate by reference herein all allegations in all preceding paragraphs.

131.    Defendants engaged in a widespread pattern, policy, and practice of violating the Pennsylvania Wage Laws, as detailed in this Class and Collective Action Complaint.

132.    At all times relevant, Pennsylvania Representatives and the Pennsylvania Rule 23 Class members have been employees and Defendants have been employers within the meaning of the Pennsylvania Wage Laws.

133.    Pennsylvania Representatives and the Pennsylvania Rule 23 Class members are covered by Pennsylvania Wage Laws and accompanying regulations.

134.    Defendants employed Pennsylvania Representatives and the Pennsylvania Rule 23 Class members.

135.    Defendants violated Pennsylvania Wage Laws, in relevant part, by failing to pay Pennsylvania Representatives and the Pennsylvania Rule 23 Class members overtime compensation for hours worked over 40 in a workweek as required by the Pennsylvania Wage Laws, including 43 Pa. Cons. Stat. § 333.104(c).

136.    Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Pennsylvania Representatives and the Pennsylvania Rule 23 Class members as required by the Pennsylvania Wage Laws, including 43 Pa. Cons. Stat. § 333.108.

137.    Defendants' violations of the Pennsylvania Wage Laws have been willful and intentional.

138.    Due to Defendants' violations of the Pennsylvania Wage Laws, Pennsylvania

Representatives and the Pennsylvania Rule 23 Class members are entitled to recover from

Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of the action,

penalties, and pre-judgment and post-judgment interest.


### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and all others similarly situated, seek

for the following relief:

A.    That, at the earliest possible time, Plaintiffs be allowed to give notice of this

collective action, or that the Court issue such notice, to all LBs and similarly situated employees

who are presently, or have at any time since May 25, 2014, up through and including the date of

this Court's issuance of court-supervised notice, worked for Defendants.  Such notice shall

inform them that this civil action has been filed, of the nature of the action, and of their right to

join this lawsuit if they believe they were denied proper wages;

B.    Unpaid overtime pay and an additional and equal amount as liquidated damages

pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.    Certification of the Massachusetts and Pennsylvania Rule 23 Classes pursuant to

Rule 23 of the Federal Rules of Civil Procedure;

D.    Designation of Plaintiff Miller and Plaintiffs Grey and Alemaskin, respectively, as

Class Representatives for the Massachusetts and Pennsylvania Rule 23 Classes, and counsel of

record as Class Counsel;

E.    Unpaid overtime pay and any penalties and other damages as permitted by law

pursuant to the Massachusetts Wage Act and Pennsylvania Wage Laws;

24

F.      Issuance of a declaratory judgment that the practices complained of in this Class and Collective Action Complaint are unlawful;

G.      Pre-judgment interest and post-judgment interest as provided by law;

H.      Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful practices;

I.      A reasonable incentive award for Plaintiffs to compensate them for the time and effort they have spent and will spend protecting the interests of other LBs, and the risks they are undertaking;

J.      Reasonable attorneys' fees and costs of the action; and

K.      Such other relief as this Court shall deem just and proper.

**<u>JURY DEMAND</u>**

Plaintiffs demand a trial by jury on all issues so triable.

Dated: Boston, Massachusetts
November 29, 2017

Respectfully submitted,

By: */s/* Hillary Schwab

**FAIR WORK P.C.**
Hillary Schwab, BBO #666029
Brant Casavant, BBO #672614
192 South Street, Suite 450
Boston, Massachusetts 02111
Telephone: (617) 607-3260

**OUTTEN & GOLDEN LLP**
Justin M. Swartz*
Molly A. Brooks*
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz*
Paolo Meireles*
1515 S. Federal Highway
Boca Raton, Florida 33432
Telephone: (561) 447-8888

* *Pro hac vice* motions forthcoming

*Attorneys for Plaintiffs and the Putative*
*Classes and Collective*